IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 1 6 2013
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:12CR30008-001 |
| ) | |
| TERRI LOTT ) | |

## PRELIMINARY ORDER OF FORFEITURE

On April 24, 2013, a Grand Jury sitting in the Western District of Arkansas returned a Superseding Indictment against the defendant, charging her with knowingly possessing a machine gun in violation of 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b) and after having been previously convicted of a crime punishable by imprisonment exceeding one year, knowingly possessing one or more firearms, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and a forfeiture allegation.

In the forfeiture allegation of the Superseding Indictment, the United States seeks forfeiture, pursuant to Title 18 U.S.C. § 924(d) and Title 18 U.S.C. § 3665, of

1. RG, model 26, .25 caliber pistol, serial number U053917.

2. Phoenix Arms, model Raven 25, .25 caliber pistol, serial number 3099228.

3. CZ, model 53, 7.62 caliber pistol, serial number Z05646.

4. Remington, model 10-A, 12 gauge shotgun, serial number U71077.

5. Winchester, model 67, .22 caliber rifle, with no serial number.

6. Savage, model 840, 30-30 caliber rifle, serial number 166116.

7. Colt, model Gov Pocketlite, .380 caliber pistol, serial number GP13368.

8. H&R, model topper 88, 20 gauge shotgun, serial number AY474402.

9. Marlin, 20 gauge shotgun, with no serial number.

10. Winchester, 12 gauge shotgun, serial number L2256460.

11. Westerfield, model M1728, 12 gauge shotgun, with no serial number.

12. Remington, model 870, 12 gauge shotgun, serial number T462340V.

13. Remington, model 700, .270 rifle, serial number A6488251.

14. Highpoint, model C9, 9mm pistol, serial number 1352150.

15. Mossberg, model 88, 12 gauge shotgun, serial number MV89051F.

16. Mossberg, model 500 A, 12 gauge shotgun, serial number H268553.

17. Marlin, model 25MN, .22 caliber rifle, serial number 04533957.

18. Marlin, model 70P, .22 caliber rifle, serial number 13439493.

19. Remington, model 11-48 receiver, serial number 5074817.

20. Marlin, model 60, .22 caliber rifle, serial number 25151719.

21. Marlin, model 60, .22 caliber rifle, serial number 20542377.

22. Ruger, model single six, .22 caliber revolver, serial number 62-77120.

23. MAK 90-type, 7.62x39 mm caliber firearm, with no serial number.

24. All ammunition used in Count Two.

as property involved in, or used to facilitate the offense.

On July 16, 2013, the defendant pleaded guilty to Count Two of the Superseding Indictment, charging her with knowingly possessing one or more firearms after having been previously convicted of a crime punishable by imprisonment exceeding one year, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to a plea agreement entered into by the parties, the defendant agrees to forfeit all rights, title and interest to the firearms listed in the Superseding Indictment. The defendant acknowledges that all property listed in the Superseding Indictment and referenced in the

plea agreement is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

Pursuant to the plea agreement, the defendant consents to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. The defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the property(ies). The defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es.) The defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

Pursuant to the plea agreement, the defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

Pursuant to the plea agreement, the defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the plea agreement on any grounds, including that the

forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant also agrees that the forfeiture provisions of the plea agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the defendant, the following assets shall be forfeited to the United States:

   A. RG, model 26, .25 caliber pistol, serial number U053917.

   B. Phoenix Arms, model Raven 25, .25 caliber pistol, serial number 3099228.

   C. CZ, model 53, 7.62 caliber pistol, serial number Z05646.

   D. Remington, model 10-A, 12 gauge shotgun, serial number U71077.

   E. Winchester, model 67, .22 caliber rifle, with no serial number.

   F. Savage, model 840, 30-30 caliber rifle, serial number 166116.

   G. Colt, model Gov Pocketlite, .380 caliber pistol, serial number GP13368.

   H. H&R, model topper 88, 20 gauge shotgun, serial number AY474402.

   I. Marlin, 20 gauge shotgun, with no serial number.

   J. Winchester, 12 gauge shotgun, serial number L2256460.

   K. Westerfield, model M1728, 12 gauge shotgun, with no serial number.

   L. Remington, model 870, 12 gauge shotgun, serial numberT462340V.

   M. Remington, model 700, .270 rifle, serial number A6488251.

   N. Highpoint, model C9, 9mm pistol, serial number 1352150.

   O. Mossberg, model 88, 12 gauge shotgun, serial number MV89051F.

    P.      Mossberg, model 500 A, 12 gauge shotgun, serial number H268553.

    Q.      Marlin, model 25MN, .22 caliber rifle, serial number 04533957.

    R.      Marlin, model 70P, .22 caliber rifle, serial number 13439493.

    S.      Remington, model 11-48 receiver, serial number 5074817.

    T.      Marlin, model 60, .22 caliber rifle, serial number 25151719.

    U.      Marlin, model 60, .22 caliber rifle, serial number 20542377.

    V.      Ruger, model single six, .22 caliber revolver, serial number 62-77120.

    W.      MAK 90-type, 7.62x39 mm caliber firearm, with no serial number.

    X.      All ammunition seized.

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

    2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this order and the plea agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

    3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

    4. The United States shall publish notice of this order pursuant to Fed. R. Crim. P. 32.2(b)(6).

    5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 16th day of July, 2013.

_____
HONORABLE P.K. HOLMES, III
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
Terri Lott, Defendant

_____
Bruce Eddy, Counsel for Defendant

_____
David A. Harris, Assistant U.S. Attorney